

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-8849

September 30, 2023

**Via CM/ECF**

Maria R. Hamilton, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

      RE:    *United States v. Teva Pharmaceuticals USA, Inc.*, No. 23-8028

Dear Ms. Hamilton:

I write concerning the recent decision that defendants called to the Court's attention: *United States v. Regeneron Pharmaceuticals, Inc.*, 2023 WL 6296393 (D. Mass. Sept. 27, 2023).

In light of the *Regeneron* ruling, the government no longer disputes that there is significant uncertainty within this Circuit as to the issue on which Teva seeks interlocutory review. We maintain, as we argued in opposing Teva's petition, that this Court's decision in *Guilfoile v. Shields*, 913 F.3d 178, 190 (1st Cir. 2019), at a minimum strongly suggests that the district court ruled correctly on that issue in this case and incorrectly on the same issue in *Regeneron*.

We also maintain that, if this case were to be considered in isolation, the issue on which Teva seeks review is not "a controlling question of law" and allowing this appeal would not "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b). But we recognize that, given the *Regeneron* ruling, the forthcoming trials in *Teva* and *Regeneron* would proceed under different interpretations of 42 U.S.C. § 1320a-7b(g) unless this Court were to resolve the interpretive dispute—either in this case or in the pending appeal in *United States ex rel. Flanagan v. Fresenius Medical Care Holdings, Inc.*, No. 23-1305. The avoidance of any potential inefficiency arising from the trial of two significant cases under different standards would be a reasonable basis for the Court to grant interlocutory review in this case.

Sincerely,

*/s/ Daniel Winik*
Daniel Winik

cc: All counsel (via CM/ECF)